IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRADY LEE HORTON
ADC #122529                                                                                    PLAINTIFFS

v.                              Case No. 1:10-cv-61-DPM

JASON DAY, BRANDY BLAIR,
DAVID REYNOLDS, TODD HUDSPETH,
JOE DON WHITTINGHAM, DEREK HARMON,
DEWAYNE PIERCE, and JOHN DOE                                                 DEFENDANTS

ORDER

The Court has considered Magistrate Judge Jerome T. Kearney's Proposed Findings and Recommended Disposition — to which Brady Horton objected, *Document No. 17*. After conducting a *de novo* review, the Court adopts in part and rejects in part Magistrate Judge Kearney's proposed findings and recommended disposition, *Document No. 13*. FED. R. CIV. P. 72(b)(3).

The Court agrees that Defendants Reynolds, a state-court judge, and Whittingham, a prosecuting attorney, should be dismissed without prejudice because Horton has failed to state a claim for relief against them. 28 U.S.C.A. § 1915A(b)(1) (West 2006).

The Court disagrees, however, that Horton has failed to state a claim against Blair for section 1915A purposes. The Magistrate Judge concluded that Blair should be dismissed from this case because Horton "does not allege that [Blair] prevented him from raising an issue in a grievance, which thereby" harmed Horton. *Document No. 13, at 4.* Horton alleged in his original complaint that Blair, a Searcy County jail administrator, "ordered [him] to never write another grievance or medical request, in the hearing of the entire jail." *Document No. 2, at 4.* The allegation in Horton's original complaint about the grievance process could be reasonably construed in two ways: an attempt by Blair to intimidate Horton against filing any grievances or medical-care requests (a protected activity once a process is in place) or merely a rude communication about how and when grievances or medical requests should be made. The former act states a claim, the latter does not. *E.g., Cooper v. Schirio*, 189 F.3d 781, 784 (8th Cir. 1999) (collecting cases). Horton's amended complaint provided no additional detail.

But the Court now has additional information that Magistrate Judge Kearney did not, which is Horton's objection to the recommended disposition. There, Horton reported that Blair had "commanded" him, while appearing

"very angry," to "never write another medical request or grievance form" and "repeated herself several times." *Document No. 17, at 3*. The objection is not part of Horton's pleading. But it confirms that he has stated a claim. *Cooper, supra*. The Court therefore concludes, for screening purposes only, that Horton has stated a claim against Blair given the liberal pleading standards that apply to prisoners — which include taking Horton's allegations as true and giving him all reasonable inferences arising from them.

\* \* \*

Horton's claims against Defendants Reynolds and Whittingham are dismissed without prejudice. Horton has stated a viable retaliation claim against Blair.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

22 Nov. 10