**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

BRADY LEE HORTON,                                                                                          PLAINTIFF
ADC #122529

v.                                                        1:10-cv-00061-JTK

JASON DAY, et al.                                                                                          DEFENDANTS

## ORDER

This matter is before the Court on several Motions filed by the Plaintiff.

1.        Motion for Order to Subpoena Tapes (Doc. No. 58)

Plaintiff asks the Court to order Defendants to produce the videotape of the incident at issue in his Complaint, which occurred on March 17, 2010. In their Response (Doc. No. 61), Defendants state Plaintiff previously requested the same item in a discovery request and Defendants responded that no tapes exist of the incident.

In light of Defendants' Response, the Court finds Plaintiff's Motion should be denied. The Court cannot order Defendants to produce something that does not exist.

2.        Motion for Order to Subpoena Witnesses (Doc. No. 59).

This is Plaintiff's request for witnesses at trial. Since this case has not yet been scheduled for trial, this Motion is premature and will be denied without prejudice.

3.        Motions to Compel (Doc. Nos. 60, 62).

Plaintiff asks that all Defendants and witnesses take polygraph tests concerning their responses to his discovery requests. Plaintiff also argues with the responses provided by Defendants to some of his interrogatories. In their Response (Doc. No. 66), Defendants state that Plaintiff's Motion consists of his arguments concerning the validity of their responses, and is procedurally

improper and argumentative.

The Court initially notes that Plaintiff does not have a right to the use of a voice stress analysis test in this § 1983 action. See Freitas v. Auger, 837 F.2d 806, 812 n. 13 (8th Cir. 1988). In addition, the Court agrees with the Defendants that Plaintiff's Motion consists only of his arguments in disagreement with the answers provided to his interrogatories. Plaintiff does not claim that Defendants failed to respond to his questions; rather, he disagrees with the content of their responses. Therefore, the Court finds these Motions should be denied.

    4.    Defendant Todd Hudspeth

The Court notes that Todd Hudspeth is listed as a Defendant in this action, based on Plaintiff's Amended Complaint (Doc. No. 6). This Defendant has not yet been served with summons or a copy of Plaintiff's Amended Complaint. In addition, it is not clear to the Court whether Plaintiff intends for Hudspeth to be a Defendant, or a witness. In his Amended Complaint, he states, "I have a diary in Stone Co. Sheriff Todd Hudspeth's office. I've been trying to retrieve these documents (my diary) for months, unsuccessfully; He may have to be subpoenaed in order to get my documents." (Doc. No. 6, p. 4). This allegation is insufficient to state a constitutional claim for relief against Hudspeth. Therefore, the Court will provide Plaintiff the opportunity to clarify whether Todd Hudspeth is a Defendant, within 10 days of the date of this Order. If Plaintiff intends to include him as a Defendant, he should file an Amended Complaint, specifying how Hudspeth violated his constitutional rights. If Plaintiff does not intent to include him as a Defendant, he should file a Motion to Dismiss him from the Amended Complaint. Accordingly,

    IT IS, THEREFORE, ORDERED that:

    1.    Plaintiff's Motion for Order to Subpoena Tapes (Doc. No. 58) is DENIED.

    2.    Plaintiff's Motion for Order to Subpoena Witnesses (Doc. No. 59) is DENIED

without prejudice.

       3.      Plaintiff's Motions to Compel (Doc. Nos. 60, 62) are DENIED.

       4.      Plaintiff shall notify the Court within 10 days of the date of this Order, in accordance with the instructions set forth above, whether he intends for Todd Hudspeth to remain a Defendant in this action. Failure to respond shall result in the dismissal of Hudspeth from this matter, for failure to state a claim.

       IT IS SO ORDERED this 28th day of February, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE